## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RICHARD L. MCKEDY,

        Plaintiff,

v.                                           CV. 02-1433 WDS

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision filed on July 7, 2003. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for supplemental security income or disability insurance benefits. The Court, having considered Plaintiff's Motion [docket # 17] and Memorandum Brief [docket # 18], Defendant's Response [docket # 19], Plaintiff's Reply [docket # 20], the administrative record and applicable law, finds that Plaintiff's Motion should be **DENIED,** and that this matter should be dismissed with prejudice.

## I.  Background

Plaintiff, who was born on April 6, 1955, applied for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI on September 19, 2000. Tr. 63, 166. Plaintiff alleged that he became unable to work as a result of his disabling condition on June 15, 1995. *Id.* After Plaintiff's application was denied at the initial level, Tr. 49, 51-54, and at the reconsideration level, Tr. 50, 52-53, Plaintiff appealed by filing a request for hearing by an administrative law judge ("ALJ") on August 8, 2001, Tr. 60.

The hearing before the ALJ was held on February 27, 2002, at which Plaintiff appeared and was represented by Attorney Gary J. Martone.  Tr. 27-48.  In a decision dated April 19, 2002, the ALJ denied Plaintiff's claims for DIB and SSI.  Tr. 15-20.  Plaintiff then filed a request for review with the Appeals Council on June 19, 2002.  Tr. 8 -11.   On October 10, 2002, the Appeals Council denied Plaintiff's request for review (Tr. 5 -6), and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").   See 20 C.F.R. §§404.981, 416.1481.

On November 11, 2002, Plaintiff filed this action for judicial review of the Commissioner's decision pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3).  After consent by the parties, this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §635(c) on April 13, 2003.

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied.  *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993).   In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner.  *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994).  Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993).  The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence.  *Id.*  However, evidence is not substantial if it is

overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

The issue in this case is whether Plaintiff is "disabled" and therefore entitled to benefits under Titles II and XVI of the Social Security Act. A sequential five-step analysis applies in determining whether an adult claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988); 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential analysis, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  Tr. 16.  The ALJ found at step two that Plaintiff has had a discectomy at L3-L4, has pre-existing spina bifida occulta with spondylolysis and spondylolisthesis at L5-S1 and that those impairments are severe.  *Id.*  At step three, the ALJ found that Plaintiff did not have any impairment that met or medically equaled a Listed Impairment.  *Id.* The ALJ found at step four that Plaintiff "has a residual functional capacity for at least sedentary work activity" and could not perform his past relevant work. Tr. 18.  At step five, the ALJ determined that Plaintiff could perform other work that exists in significant numbers in the regional and national economies.  Tr. 19.

### IV.  Medical History

On March 4, 1995, Plaintiff injured his back while lifting a television set at work.  Tr. 120. He was treated with physical therapy, anti-inflammatory drugs and light duty.  Tr. 117.  He then re-injured his back on May 5, 1995, while lifting another television set.  Tr. 115.  On June 8, 1995, he was released back to work full-time.  Tr. 117.  However, on July 18, 1995, he re-injured his back again.  Tr. 114.  Plaintiff eventually had back surgery.  On June 5, 1996, Plaintiff underwent a left L-3/L-4 microdicectomy.  Tr. 134.

On November 7, 1996, Plaintiff saw Stephen C. Pecoraro, D.O., for a workmen's compensation disability rating.  Tr. 134-36.  At that time, Plaintiff was complaining of constant, daily intermittent low back pain.  Tr. 135.  Dr. Pecoraro's findings were all in the normal range.  Tr. 136. He noted that Plaintiff, in addition to the back surgery performed on June 5, 1996, also "had a pre-existing back deformity with a spina bifida occulta and a spondylolysis and spondylolisthesis at L-5/S-

1" and degenerative arthritis of his lumbar spine.  *Id.*

According to the record, Plaintiff was next seen on February 10, 1998, when he was examined by John Smoker, M.D. for the purpose of evaluating the degree of disability due to his back complaints.  Tr. 138-39.  Plaintiff indicated that he did many of the daily chores around his house almost on a daily basis.  Tr. 138.  He further stated that he was able to walk 20 - 45 minutes a day without any distress but could not lift any significant weight.  Tr. 139.  It was Dr. Smoker's opinion that Plaintiff was capable of clerking and/or desk-type employment.  *Id.*

On June 30, 1999, Plaintiff was examined by Mark VanWormer, M.D. for a disability physical.  Tr. 143.  Following an examination of Plaintiff, Dr. VanWormer stated,  "Patient does not appear to have significant functional limitation or deficit.  He is able to bend over and squat and has normal upper motor function coordination and use of extremities.  He is on no chronic pain meds. . ."  *Id.*  Dr. VanWormer's diagnosis was chronic lumbosacral pain, post disc repair.  *Id.*  Dr. VanWormer concluded by stating, "Lack of motivation to improve his clinical status.  Disability probably permanent unless his attitude about disability changes, no significant functional limitations noted."  *Id.*

The last medical record in evidence is a physical evaluation done by Martin Trujillo, M.D. for New Mexico DDS on March 22, 2001.  Tr. 146-47.  The Plaintiff complained of "constant back pain worse in the morning with pain radiating down the anterior aspects of both thighs down to his left calf and up to both shoulders."  Tr. 146.  Dr. Trujillo noted that Plaintiff took up to 1600 mg of ibuprofen a day.  *Id.*  Dr. Trujillo's impression following examination was as follows:  "His [sic] is limited in lifting 20 pounds at a time and limited in walking for only 1 hour.  Sitting and standing should also causing [sic] problems and should be limited to more than 1 hour a day."  Tr. 147.

## IV.  Discussion

Plaintiff contends that the ALJ made two errors that require remand.  First, Plaintiff s alleges that the ALJ erred when he found that Plaintiff could perform a full range of sedentary work. Second, Plaintiff claims that the ALJ's credibility finding is not supported by substantial evidence and is contrary to law.

THE ALJ'S FINDING THAT PLAINTIFF COULD PERFORM A
FULL RANGE OF SEDENTARY WORK IS SUPPORTED
BY SUBSTANTIAL EVIDENCE AND IS NOT CONTRARY TO LAW.

In arguing that the ALJ erred when he found that Plaintiff could perform a full range of sedentary work,  Plaintiff claims that it was error for the ALJ to rely on Dr. Smoker's evaluation rather than Dr. Trujillo's, however, Plaintiff provides no support for this argument other than to say that Dr. Smoker's opinion was inconsistent with Dr. Trujillo's opinion. As noted earlier, in determining whether the Commissioner's findings are supported by substantial evidence, this Court should not re-weigh the evidence but should examine the record to determine whether there is substantial evidence to support his finding.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir. 1991).

After his work injuries and back surgery, Plaintiff apparently did not seek any further medical treatment.  In 1996, he saw Dr. Pecoraro for a workmen's compensation disability rating.  Tr. 134- 36.   Although Plaintiff was complaining of low back pain, Dr. Pecoraro's findings were all in the normal range.  *Id.*  Plaintiff was next seen in 1998 when he was examined by Dr. Smoker for a disability evaluation.  Tr. 138-39.  Based on his evaluation, it was Dr. Smoker's opinion that Plaintiff was capable of clerking and/or desk-type employment.  *Id.*  Over a year later, Plaintiff was examined

by Dr. VanWormer, again for a disability physical.  Tr. 143.  Dr. VanWormer did not find any significant functional limitation or deficit and expressed concerns about Plaintiff's attitude towards his disability and lack of motivation.  *Id.*  Finally, Plaintiff was seen by Dr. Trujillo in 2001 at the request of New Mexico DDS.  Tr. 146-47.  Dr. Trujillo opined that Plaintiff's walking, sitting and standing should be limited to an hour a day.  *Id.*

The ALJ discussed the findings of all of these physicians in detail along with the testimony of the Plaintiff and concluded that the Claimant has "a residual functional capacity for at least sedentary work activity."  Tr. 18.  This Court finds that the substantial evidence in the record as a whole supports the conclusion of the ALJ.

## THE ALJ'S CREDIBILITY FINDING IS SUPPORTED BY SUBSTANTIAL EVIDENCE AND IS NOT CONTRARY TO LAW

For his second claim of error, Plaintiff contends that the ALJ's credibility finding is not supported by substantial evidence and is contrary to law.  As correctly noted by Plaintiff, an ALJ must consider the following three factors in making an assessment of credibility, "(1) whether claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and, (3) if so, whether considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling."  *Kepler v Chater,* 68 F.3d 387, 390 (10th Cir. 1995), quoting *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (further quotations omitted).

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence."  *Diaz v. Secretary of Health & Humans Servs.,* 898 F.2d 774, 777 (10th Cir. 1990).  "*Kepler* does not require a formalistic factor-

by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied."  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

In this case, after a thorough review of the record, the ALJ explained his reasons for discounting Plaintiffs's pain complaints.  The ALJ stated,

> He is taking no prescribed pain medication and sees no physician for ongoing treatment of pain.  In fact, the medical record is devoid of treatment records from November 1996 until 1999 when he was seen for a disability evaluation [citation omitted].  His treating physician reported that he was on no chronic pain medications and that the claimant did not appear to have significant functional limitations.  Dr. Mark VanWormer reminded the claimant that his chronically infected draining pilonidal cyst needed attention.  The claimant noted at the hearing that this infection still needed medical attention.  It appears that claimant lacks the motivation to improve his clinical status.

Based on this Court's independent review of the record, I conclude that the ALJ adequately supported his credibility determination.  It "was linked to specific findings of fact, findings [this Court is] compelled to accept because they are fairly derived from the record."  *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001).

## V.  Conclusion

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket # 17] is **DENIED,** and this matter shall be dismissed with prejudice.

**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**